IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

**NOAH MIX**                                                                                                            **PLAINTIFF**

vs.                                           No. 5:21-cv-5102-TLB

**ELKHART PRODUCTS CORPORATION**                                       **DEFENDANT**

## ORIGINAL COMPLAINT

COMES NOW Plaintiff Noah Mix ("Plaintiff"), by and through his attorney Josh Sanford of Sanford Law Firm, PLLC, and for his Original Complaint ("Complaint") against Defendant Elkhart Products Corporation ("Defendant"), he states and alleges as follows:

### I. PRELIMINARY STATEMENTS

1. This is an action brought by Plaintiff against Defendant for violations of the overtime provisions of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* (the "FLSA"), and the overtime provisions of the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201, *et seq.* (the "AMWA").

2. Plaintiff seeks a declaratory judgment, monetary damages, liquidated damages, prejudgment interest, and a reasonable attorney's fee and costs as a result of Defendant's failure to pay proper overtime compensation under the FLSA and the AMWA.

3. This case is related to *McCoy v. Elkhart Products Corporation,* Case no. 5:20-cv-5176-PKH, because Plaintiff was on the class notice list but did not join that case; he has the same claims as the *McCoy* claimants.

## II.     JURISDICTION AND VENUE

4. The United States District Court for the Western District of Arkansas has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

5. This Complaint also alleges AMWA violations, which arise out of the same set of operative facts as the federal cause of action; accordingly, this Court has supplemental jurisdiction over Plaintiff's AMWA claims pursuant to 28 U.S.C. § 1367(a).

6. Defendant employed Plaintiff at its facilities located within the Fayetteville Division of the Western District of Arkansas; therefore, venue is proper within this District pursuant to 28 U.S.C. § 1391.

## III.     THE PARTIES

7. Plaintiff is an individual and resident of Washington County.

8. Defendant is a foreign, for-profit corporation.

9. Defendant's registered agent for service is Corporation Service Company, at 300 Spring Building, Suite 900, 300 South Spring Street, Little Rock, Arkansas 72201.

10. Defendant, in the course of its business, maintains a website at http://www.elkhartproducts.com/.

## IV.     FACTUAL ALLEGATIONS

11. Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

12. Defendant manufactures screw machine products, various copper and aluminum tubular components, and tube fittings for the plumbing, air conditioning and refrigeration industries.

13. Within the three years preceding the filing of this Complaint, Defendant has continuously employed at least four employees.

14. Defendant employs two or more individuals who engage in interstate commerce or business transactions, or who produce goods to be transported or sold in interstate commerce, or who handle, sell, or otherwise work with goods or materials that have been moved in or produced for interstate commerce, such as the tools and materials used in Defendant's business and the products Defendant sells.

15. Defendant's annual gross volume of sales made or business done is not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated) in each of the three years preceding the filing of the Original Complaint.

16. At all times material herein, Plaintiff has been entitled to the rights, protections, and benefits provided under the FLSA.

17. Defendant employed Plaintiff as an hourly-paid employee from January of 2019 to September of 2019.

18. At all times material herein, Plaintiff has been classified by Defendant as nonexempt from the overtime requirements of the FLSA, 29 U.S.C. § 207, and the AMWA, A.C.A. § 11-4-211.

19. At all relevant times herein, Defendant directly hired Plaintiff to work on its behalf, paid him wages and benefits, controlled his work schedules, duties, protocols,

applications, assignments and employment conditions, and kept at least some records regarding his employment.

20. Plaintiff recorded his hours worked via an electronic time clock, which logged his hours into a payroll system maintained by Defendant.

21. Plaintiff estimates he regularly worked between 50 and 60 hours per week.

22. Defendant regularly adjusted Plaintiff's hours to reflect fewer hours than he actually worked.

23. Plaintiff estimates Defendant regularly shaved 5 to 10 hours from his time per week and adjusted his clock-in and clock-out times accordingly.

24. Because Plaintiff worked hours which went uncompensated, Defendant failed to pay Plaintiff a lawful overtime premium for all hours worked over forty each week.

25. Defendant knew or should have known that Plaintiff was working hours off the clock for which he was not compensated.

26. At all relevant times herein, Defendant has deprived Plaintiff of proper overtime compensation for all of the hours worked over forty per week.

27. Defendant knew or showed reckless disregard for whether its actions violated the FLSA and the AMWA.

## V. FIRST CLAIM FOR RELIEF—VIOLATION OF THE FLSA

28. Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully set forth herein.

29. Plaintiff asserts this claim for damages and declaratory relief pursuant to the FLSA, 29 U.S.C. § 201, *et seq.*

30. At all relevant times, Defendant has been, and continues to be, an enterprise engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203.

31. 29 U.S.C. §§ 206 and 207 require any enterprise engaged in commerce to pay a minimum wage for all hours worked up to 40 each week and to pay 1.5x their regular wages for all hours worked over 40, unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and all accompanying DOL regulations.

32. Defendant classified Plaintiff as nonexempt from the requirements of the FLSA.

33. Defendant failed to pay Plaintiff for all hours worked, including 1.5x his regular rate for all hours worked in excess of forty hours per week.

34. Defendant knew or should have known that its actions violated the FLSA.

35. Defendant's conduct and practices, as described above, were willful.

36. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff for monetary damages, liquidated damages and costs, including reasonable attorney's fees provided by the FLSA for all violations which occurred beginning at least three years preceding the filing of Plaintiff's initial complaint, plus periods of equitable tolling.

37. Defendant has not acted in good faith nor with reasonable grounds to believe its actions and omissions were not a violation of the FLSA, and, as a result thereof, Plaintiff is entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid minimum wage and unpaid overtime premium pay described above pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

38. Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiff as provided by the FLSA, Plaintiff is entitled to an award of prejudgment interest at the applicable legal rate.

### VI. SECOND CLAIM FOR RELIEF—VIOLATION OF THE AMWA

39. Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully set forth herein.

40. Plaintiff asserts this claim for damages and declaratory relief pursuant to the AMWA, Ark. Code Ann. §§ 11-4-201, *et seq*.

41. At all relevant times, Defendant was Plaintiff's "employer" within the meaning of the AMWA, Ark. Code Ann. § 11-4-203(4).

42. Sections 210 and 211 of the AMWA require employers to pay all employees a minimum wage for all hours worked, and to pay 1.5x regular wages for all hours worked over 40 each week, unless an employee meets the exemption requirements of 29 U.S.C. § 213 and accompanying Department of Labor regulations.

43. Defendant classified Plaintiff as nonexempt from the requirements of AMWA.

44. Defendant failed to pay Plaintiff for all hours worked, including overtime wages as required under the AMWA for all hours that Plaintiff worked in excess of forty per week.

45. Defendant knew or should have known that its practices violated the AMWA.

46. Defendant's conduct and practices, as described above, were willful, intentional, unreasonable, arbitrary, and in bad faith.

47. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff for, and Plaintiff seeks, monetary damages, liquidated damages, prejudgment interest, and costs, including reasonable attorney's fees as provided by the AMWA.

## VII. PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiff Noah Mix respectfully prays that Defendant be summoned to appear and to answer this Complaint and for declaratory relief and damages as follows:

A. A declaratory judgment that Defendant's practices alleged in this Complaint violate the FLSA, the AMWA, and their related regulations;

B. Judgment for damages suffered by Plaintiff for all unpaid overtime wages under the FLSA, the AMWA and their related regulations;

C. Judgment for liquidated damages owed to Plaintiff pursuant to the FLSA, the AMWA, and their related regulations;

D. An order directing Defendant to pay Plaintiff interest, a reasonable attorney's fee and all costs connected with this action; and

E. Such other and further relief as this Court may deem just and proper.

        Respectfully submitted,

        **PLAINTIFF NOAH MIX**

        SANFORD LAW FIRM, PLLC
        Kirkpatrick Plaza
        10800 Financial Centre Pkwy, Suite 510
        Little Rock, Arkansas 72211
        Telephone: (800) 615-4946
        Facsimile: (888) 787-2040

        /s/ Josh Sanford
        _____
        Josh Sanford
        Ark. Bar No. 2001037
        josh@sanfordlawfirm.com